**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4485**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ALEJANDRO RAMIREZ-CASTANEDA,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.  (5:15-cr-00053-D-1)

Submitted:  March 8, 2016            Decided:  March 23, 2016

Before KING, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Alejandro Ramirez-Castaneda appeals the 18-month sentence imposed following his guilty plea to illegal reentry, in violation of 8 U.S.C. § 1326(a) (2012). On appeal, Ramirez-Castaneda challenges only the substantive reasonableness of the upward departure sentence imposed by the district court. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Where, as here, the defendant alleges no significant procedural error, we consider the substantive reasonableness of the sentence to determine whether the court abused its discretion in determining that the 18 U.S.C. § 3553(a) (2012) factors supported the sentence it imposed. See United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011). In reviewing a sentence outside the Guidelines range, we determine "whether the district court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the [G]uideline[s] range." United States v. Perez-Pena, 453 F.3d 236, 241 (4th Cir. 2006).

Ramirez-Castaneda argues on appeal that the extent of the district court's departure was unwarranted under the circumstances presented, including his prior lengthy state

2

sentence and the deterrent effect of the heightened penalties to which he would be exposed for any future illegal reentry. These arguments are insufficient to demonstrate that the court's upward departure was unreasonable. The district court expressly grounded its sentence in numerous § 3553(a) factors — including the need to protect the public, to deter future criminal conduct, and to promote respect for the law, as well as Ramirez-Castaneda's history and the circumstances of the offense. The court based Ramirez-Castaneda's upward departure on his five illegal entries into the United States and multiple instances of criminal conduct while present in the country, including recent felony convictions arising from intoxicated driving that severely injured an innocent motorist.

While Ramirez-Castaneda and his counsel advised the court that he was sincerely remorseful and resolved not to reoffend, Ramirez-Castaneda's alcohol abuse, pattern of blatant disrespect for the law, and family ties to Raleigh amply supported the court's determination that he would continue his persistent recidivism, even in the face of the increased consequences of any future illegal reentries. Further, after observing Ramirez-Castaneda during allocution, the court was entitled to determine that his assurances that he would not reoffend were not credible. See Diosdado-Star, 630 F.3d at 366 (recognizing deference accorded sentencing determinations, including

3

credibility determinations). In short, Ramirez-Castaneda's arguments represent mere disagreement with the sentencing court's exercise of its discretion "insufficient to justify reversal of the district court." See United States v. Howard, 773 F.3d 519, 531 (4th Cir. 2014) (internal quotation marks omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED